**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **FAYIZ FAREED ABDALLAH,** | § | |
| | § | |
| ***Petitioner*,** | § | |
| | § | |
| **v.** | § | **No. 3:26-CV-01323-LS** |
| | § | |
| **WARDEN, OF THE ERO EL PASO EAST MONTANA; AND UNITED STATES OF AMERICA,** | § | |
| | § | |
| ***Respondents*.** | § | |

**<u>ORDER DENYING MOTION TO TRANSFER VENUE</u>**

Petitioner Fayiz Fareed Abdallah filed a petition for a writ of habeas corpus in this Court on May 8, 2026.[1] At the time, he was detained at ERO El Paso Camp East Montana in El Paso, Texas.[2] Petitioner states that he is now detained at the Otero County Processing Center in New Mexico[3] and moves to transfer this case to the District of New Mexico.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[4] Petitioner could not have brought the case in New Mexico at the initial time of filing, and Respondents have not consented to transfer.

Furthermore, Petitioner has not demonstrated good cause for transfer based on the convenience factors, as a movant must show that the transferee venue would be clearly more convenient.[5] There are four private-interest factors to consider:

[1] ECF No. 1.
[2] ECF No. 14 at 1.
[3] *Id.*
[4] 28 U.S.C. § 1404(a).
[5] *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.[6]

And four public-interest factors:

> (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.[7]

As to the private interest factors, Petitioner has not identified any sources of proof or witnesses in any district. He remains close to the Western District of Texas and would be able to travel here relatively easily. The public interest factors also do not weigh in favor of transfer. Many courts are congested with immigration habeas petitions, no local interest exists in the District of New Mexico regarding this area of federal law, the districts are equally familiar with the law that governs the case, and Petitioner has not identified any problems of conflict of laws.

As the District of New Mexico is not clearly more convenient, transfer is inappropriate. Therefore, the Court **DENIES** Petitioner's motion to transfer [ECF No. 14].

**SO ORDERED**.

**SIGNED** and **ENTERED** on July 30, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

[6] *In re Chamber of Com. of U.S.A.*, 105 F.4th 297, 304 (5th Cir. 2024).
[7] *Id.*